IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NOTTIA REED,

      DEBTOR

Bankruptcy Petition No: 18-19801

Judge Timothy Barnes

Chapter 13

Adv. No. 18 A 00837

BERTHA MCGEE

      Plaintiff,

v.

NOTTIA REED,

      Defendant.

## MOTION TO REQUEST EXTENSION OF TIME
## FOR FILING RULE 7026(f) DISCOVERY REPORT

NOW COMES the Plaintiff, BERTHA MCGEE, by her attorneys, the law firm of Borovsky & Ehrlich, and in support of her Motion to Request Extension of Time for Filing Rule 7026(f) Discovery Report, states as follows:

1. On December 20, 2018, the Honorable Court entered an Order indicating that the parties were to engage in a Bankruptcy Rule 7026(f) planning conference on or before January 3, 2019 and that a written discovery plan pursuant to Bankruptcy Rule 7026(f) was to be filed on or before January 10, 2019.

2. On December 20, 2018, the undersigned met with Defendant in the hallway outside of the courtroom for the purposes of holding a 7026(f) planning conference and a productive conversation took place where both parties explained what

information/documents they would be seeking in discovery and neither party raised an objection to the requests made by the other party.

3. At the meeting, Defendant raised the possibility of hiring an attorney but was not yet sure if she would do so. In response, the undersigned indicated that he would proceed as if Defendant were pro se, but that she should have her attorney contact him once that attorney was retained.

4. After the meeting, the undersigned began preparing the discovery plan and discovered that there was some issues that he did not discuss with Defendant.

5. However, he completed the plan based on the agreements he thought he had reached with Defendant and inserted terms into the plan that he believed to be reasonable for the issues that were not discussed.

6. He then sent a proposed plan to Defendant via e-mail on December 28, 2018, see Exhibit A appended hereto.

7. When he did not receive any response from Defendant to the e-mail, he called her on January 4, 2019.

8. During this conversation he was told that Defendant had hired an attorney and that this attorney would contact him on January 7, 2019 at the latest.

9. When the undersigned did not hear from Defendant's counsel by January 8, 2018, he called Defendant and left a message.

10. In response to that message, the undersigned received an e-mail from Defendant on January 9, 2019 indicating that she objected to the discovery plan and that her lawyer would be in touch with the undersigned, see Exhibit A appended hereto.

11. Both the undersigned and Defendant participated in the 7026(f) planning conference in good faith.

12. If Defendant has in fact hired an attorney, that attorney will need time to become acquainted with the facts of the case.

WHEREFORE, Plaintiff, Bertha McGee, respectfully requests this Court to Extend the Deadline for filing a discovery report pursuant to Bankruptcy Rule 7026(f), and requests such other and further relief as is just and proper.

Respectfully Submitted,

Daniel Kolodziej
One of Plaintiff's Attorneys

Daniel Kolodziej
Borovsky & Ehrlich
Attorneys for Plaintiff
111 E. Wacker Dr.
Suite 1325
Chicago, Illinois 60601
(312) 861-0808

| | |
|---|---|
| **From:** | Nottia Reed |
| **To:** | Dan Kolodziej |
| **Subject:** | Re: 7026(f) Report |
| **Date:** | Wednesday, January 09, 2019 9:03:15 AM |

Good morning Dan Kolodziej,

I do not agree to the Discovery statements that you presented to me. My attorney will get in contact with you in regards to this matter as soon as possible.


Thank you,
Nottia Reed

On Fri, Dec 28, 2018 at 3:45 PM Dan Kolodziej <dkolodziej@belawoffices.com> wrote:

Ms. Reed,


As we discussed on December 20th, the court wants us to prepare a Report where we outline the topics on which we want discovery as well as the timing of that discovery and other issues. Based on our discussion, I have prepared that Report (please see attached) and would like you to review it before I submit it to the court. If you want any changes made to that report, please let me know. Also, there are some topics contained in the report that we didn't discuss, please note these topics are as follows:


1.  I indicated that we would complete our written discovery by March 14, 2019;

2.  I indicated that we had not yet decided if we wanted to have depositions (where I would hire a court reporter and then have you testify under oath in front of that court reporter, and you would call Ms. McGee and have her testify under oath in front of a court reporter you hired). However, if we did have depositions I was just planning on deposing you, and you were just planning on deposing Ms. McGee;

3.  That while we both felt that mediation would not be successful, we would be open to trying it if the court suggested it, or felt that it would be a good idea;

4.  That both of us would have up to four weeks after the completion of discovery to file a motion for summary judgment (a motion where we argue that the case could be decided without going to trial);

5.  That we will both prepare a final pre-trial order within 30 days after the date to file a motion for summary judgment passes; and

6.  That the case would be ready for trial 35 days after the date to file a motion for summary judgment passes.


**Exhibit "A"**

Please keep in mind that we have a deadline to submit this document of January 10th, so please try to get back to me with your changes or other comments by January 4th.


Very truly yours,


Daniel R. Kolodziej

Legal Services Benefit Plan

A Service of Borovsky & Ehrlich

111 East Wacker Drive, Suite 1325

Chicago, Illinois 60601

Telephone: (312) 861-0808

Facsimile: (312) 819-0948


This e-mail message is intended only for the named recipient(s) above. This e-mail and any attachments are privileged, confidential and exempt from disclosure. This e-mail may contain confidential information that is privileged or that constitutes attorney work product. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, copying, or use of this e-mail and any attachment(s) is strictly prohibited. If you have received this e-mail in error, please immediately notify the sender by replying to this e-mail and delete the message and any attachment(s) from your digital system. To ensure compliance with recently enacted U.S. Treasury Department regulations, we are now required to advise you that, unless otherwise indicated, any federal tax advice contained in this communication, including any attachments, is not intended or written by us to be used, and cannot be used, by anyone for the purpose of avoiding federal tax penalties that may be imposed by the federal government or for promoting, marketing or recommending to another party any tax-related matters addressed herein.