THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re:<br>NOTTIA M. REED,<br>    Debtor, | Case No. 18 B 19801<br><br>Adversary No. 18 A 00837 |
| BERTHA McGEE,<br>    Plaintiff,<br>v.<br>NOTTIA REED,<br>    Defendant. | Judge Timothy A. Barnes |

## PLAINTIFF'S RULE 7026(f) REPORT

NOW COMES the Plaintiff, BERTHA MCGEE and for her Rule 7026(f) Report to the Court, states as follows:

1. Pursuant to Bankruptcy Rule 7026(f), a planning meeting was held on December 20, 2018 outside courtroom 744 at the U.S. Federal Courthouse located at 219 South Dearborn Street and was attended by Daniel Kolodziej for the Plaintiff and Nottia Reed in her capacity as the Defendant. The conference was initially productive in establishing a discovery schedule and outlining various issues and positions, but did not result in a settlement.

2. Therefore, the Plaintiff proposes to the Court the following discovery plan:

    a. Discovery will be needed on the following subjects:

        (i) The facts and circumstances under which Defendant obtained a Power of Attorney over Curtis Williams, Jr.;

        (ii) The facts and circumstances under which Defendant withdrew money from accounts belonging to Curtis Williams Jr. and Curtis Williams Jr. and Plaintiff; and

        (iii) The facts and circumstances of any withdrawals Plaintiff may have made from the accounts belonging to Curtis Williams, Jr. and Curtis Williams, Jr. and Plaintiff;

    b.    Plaintiff and Defendant will produce their Federal Rule 26(a)(1) Disclosures by March 21, 2019.

    c.    Written discovery shall be commenced in time to be completed by May 2, 2019.

    d.    Plaintiff is hopeful that the time and expense of depositions can be avoided through the use of Production Requests, Interrogatories, and Requests to Admit. However, she would like to reserve the issue of whether or not depositions will take place until after written discovery is complete. If depositions do become necessary, Plaintiff only anticipates deposing Defendant.

    e.    Plaintiff does not anticipate any expert testimony will be needed.

3.    No disputes concerning jurisdiction were raised at the planning meeting.

4.    At the planning meeting, neither Plaintiff nor Defendant expressed any objection to the pleadings that have been filed in this matter to date.

5.    Both Plaintiff and Defendant have asserted claims to the money contained in the accounts held by Curtis Williams, Jr, and Curtis Williams Jr. and Plaintiff. Therefore, it does not appear that mediation would be successful on this matter. However, if the Court imposes a mediation requirement or suggests mediation, Plaintiff will make a good faith effort to participate in the mediation.

6.    Both Plaintiff and Defendant will be allowed until May 30, 2019 to join additional parties and amend the pleadings.

7.    Any Motion for Summary Judgment by either the Plaintiff or the Defendant should be brought after written discovery and oral discovery, if any, is complete. The parties shall be allowed until June 14, 2019, to file a Motion for Summary Judgment.

8.    The parties shall prepare a final Pre-Trial Order by the earlier of June 14, 2019 or 14 days after the court rules on any motion for summary judgment that is brought be either party.

9. The case should be ready for trial by the earlier of June 28, 2019 or 14 days after the court rules on any motion for summary judgment that is brought by either party and is expected to take no more than two (2) days.

Respectfully submitted,

BOROVSKY & EHRLICH

By: _____
Daniel R. Kolodziej, one of the
Attorneys for Plaintiff

Daniel R. Kolodziej
BOROVSKY & EHRLICH
Attorneys for Plaintiff
111 E. Wacker Dr., #1325
Chicago, IL 60601
(312) 861-0808
E-Mail: *dkolodziej@belawoffices.com*

- 3 -